IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,324




EX PARTE FREDDIE PANIAGUA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2007CR7630 IN THE 144TH DISTRICT COURT
FROM BEXAR COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance and sentenced to eight years’ imprisonment. He did not
appeal his conviction. 
            Applicant contends that his guilty plea was rendered involuntary because, inter alia,
performance of his plea agreement became impossible after the trial court lost jurisdiction of his
case. Applicant contends that his plea agreement called for him to serve time in boot camp and to
be brought back to Bexar County after successful completion of boot camp to be considered for
community supervision. He contends that by the time he was brought back to Bexar County after
successful completion of boot camp, the trial court had lost jurisdiction to place him on community
supervision and he was sent back to TDCJ. The trial court issued findings of fact and conclusions
of law and determined that Applicant is entitled to relief. We agree. 
            Relief is granted. The judgment in Cause No. 2007CR7630 in the 144th Judicial District
Court of Bexar County is set aside, and Applicant is remanded to the custody of the sheriff of Bexar 
County to answer the charges as set out in the indictment.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: March 31, 2010
Do Not Publish